#### 200
#### STATE ex rel. v. CHANDLER, Auditor
Ohio Supreme Court
No. 17509. Decided July 5, 1922

This opinion has not been published except in Abstract.

**BONDS—GRISWOLD ACT—(1) Meaning of "proceedings" mentioned in—(2) Applications of provisions of, to legislative acts only—Limitation of period of maturity—Municipal Street Improvement.**

Epitomized Opinion
Original Suit

The city council of Portsmouth, O., March 3, 1920, passed an ordinance providing for the improvement of certain streets and Nov. 16, 1921, passed ordinance authorizing bond issues to provide funds for that purpose, the bonds to mature in from one to twenty years. The sinking fund trustees of Portsmouth and the industrial commission of Ohio refused to purchase these bonds, and the city council after advertising them sold the bonds to a private concern, Feb. 21, 1922. The Griswold Act (109 Ohio Laws 336), Sec. 23, regulating the maturities of bonds, pro-

## THE OHIO SUPREME COURT

vides: "This act shall take effect from and after Jan. 1, 1922, and its provisions shall govern and apply to all ordinances, resolutions, measures and proceedings on that date." The city auditor refused to deliver the bonds above mentioned, contending that the action of the council after Jan. 1, 1922, is included in the word "proceedings' 'mentioned in the Griswold Act and within the application of the act. Johnson, city solicitor seeks a writ of mandamus. Held by the Supreme Court in allowing the writ:

1. The ordinance, resolutions, measures and proceedings mentioned in Sec. 23 of the Griswold Act refers to legislative resolutions, measures and acts and the word "proceedings" therein referred to, has no reference to administrative acts necessary to be performed in executing the legislative bill.

2. Where all legislation of a muncipality necessary for street improvements has been fully completed before Jan. 1, 1922, but the bonds authorized in anticipation of assessments upon a butting property to pay for such improvements are not actually sold and delivered until after Jan. 1, 1922, the provisions of Sec. 6 of the Griswold Act do not apply, and where the legislation so provides such bonds may be made to mature more than ten years after the date of execution and delivery.

Attorneys—Sherrard M. Johnson, City Solicitor, for relator; S. A. Skelton and E. G. Millar, for Chandler, J. G. Price, Attorney General, H. R. Jones and W. J. Meyer, amici curiae.